Amy Lynn Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ROSALIND C. BADUE,** | ) Case No.: <br> ) <br> ) **COMPLAINT FOR DAMAGES** <br> ) **FOR VIOLATIONS OF THE** |
| Plaintiff. | ) **1. FAIR DEBT COLLECTION** <br> )    **PRACTICES ACT, 15 U.S.C. §** |
| v. | )    **1692 ET SEQ.** <br> ) **2. ROSENTHAL FAIR DEBT** |
| **UNITED RECEIVABLES GROUP,** | )    **COLLECTION PRACTICES** <br> )    **ACT, CAL. CIV. CODE §1788** |
| Defendant. | )    **ET. SEQ.** <br> ) **3. TELEPHONE CONSUMER** <br> )    **PROTECTION ACT 47 U.S.C. §** <br> )    **227 ET SEQ.** <br> ) <br> ) **JURY TRIAL DEMANDED** |

# COMPLAINT

ROSALIND C. BADUE ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against UNITED RECEIVABLES GROUP, ("Defendant"):

- 1 -
PLAINTIFF'S COMPLAINT

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, cal. Civ. Code §1788, *et seq.* ("RFDCPA"), and the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mins v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of California and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Pittsburgh, CA 94565.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a company with its headquarters located at 572 John Ross Parkway, Suite 107, Rock Hill, SC 29730.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and sought to collect a debt from Plaintiff.

10. Debt collection is the principal purpose of Defendant's business.

11. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. Plaintiff has a cellular telephone number.

14. Plaintiff only used this number as a cellular telephone number.

15. Beginning in or around June 2015 and continuing through at least January 2018, Defendant placed repeated harassing telephone calls to Plaintiff.

16. Plaintiff does not have any business or commercial debts, so the debt at issue could only be a personal debt that was incurred primarily for personal, family, or household purposes.

17. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system, automated messages, and/or a prerecorded voice.

18. Defendant's calls to Plaintiff's cellular telephone would usually begin

with a pre-recorded voice or a noticeable delay before Plaintiff was transferred to a collector or the call terminated.

19. Defendant's telephone calls to Plaintiff cellular telephone were not made for "emergency purposes."

20. Shortly after calls began in or around June 2015, Plaintiff told Defendant to stop calling her cellular telephone number.

21. However, Defendant continued to call her cellular telephone number on a repetitive basis through January 2018.

22. Once Defendant was aware its calls were unwanted, any further calls could only have been for the purpose of harassment.

23. Plaintiff found Defendant's repeated calls upsetting, harassing and invasive.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE FDCPA

24. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

25. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at

the called number.

26. Defendant violated both sections of the FDCPA when it called Plaintiff repeatedly within the one year preceding the filing of this Complaint and continued to call knowing its calls were unwanted.

## COUNT II
## DEFENDANT VIOLATED THE
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

27. Section 1788.17 of the California Civil Code mandates that every debt collector attempting to collect a consumer debt shall comply with § 1692b through § 1692j of the FDCPA.

28. Defendant violated Cal. Civ. Code § 1788.17, when it violated the FDCPA for the reasons set forth in this Complaint.

## COUNT III
## DEFENDANT VIOLATED THE TCPA

29. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

31. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

32. Defendant's calls to Plaintiff were not made for "emergency purposes."

33. Defendant's calls made on and after June 2015 were made without Plaintiff's consent.

34. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton, and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

35. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively, and fraudulently and absent lawful right, legal defense, legal justification, or legal excuse.

36. As a result of the above violations of the TCPA, Plaintiff has suffered the loss and damages set forth above entitling Plaintiff to an award of statutory, actual, and treble damages.

WHEREFORE, Plaintiff, ROSALIND C. BADUE, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d. All actual damages, statutory damages, reasonable attorney's fees and costs, and any other litigation costs incurred by Plaintiff pursuant to the RFDCPA at Cal. Civ. Code § 1788.17;

    e. Statutory damages of $500.00 for each violation of the TCPA, pursuant to 47 U.S.C. §227(c)(5)(B);

    f. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    g. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    h. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ROSALIND C. BADUE, demands a jury trial in this case.

          RESPECTFULLY SUBMITTED,

          KIMMEL & SILVERMAN, P.C..

DATED: 12/12/18    By: */s/ Amy L. Bennecoff Ginsburg*
          Amy L. Bennecoff Ginsburg
          30 East Butler Pike
          Ambler, PA 19002
          Telephone: (215) 540-8888
          Facsimile (215) 540-8817
          Email: aginsburg@creditlaw.com